No. 167 February 26, 2025 287

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BILLY JUDD WADE BRIGGS,
*Defendant-Appellant.*

Malheur County Circuit Court
22CR09251; A181326

Erin K. Landis, Judge.

Submitted November 21, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGAN, J.

Affirmed.

**PAGÁN, J.**

Defendant pleaded guilty to one count of failure to appear in the first degree, ORS 162.205. The trial court imposed an upward departure sentence of one year and one day in prison with credit for time served. On appeal, defendant raises two assignments of error. First, he argues that the state failed to present sufficient evidence to prove an enhancement fact. Second, he contends that the trial court erred in relying on the enhancement fact of a "demonstrated disregard of court orders" in a failure-to-appear case. We are not persuaded by those assignments of error. We therefore affirm.

At sentencing, the trier of fact must determine, as a factual matter, whether alleged aggravating factors are present. *State v. Speedis*, 350 Or 424, 436, 256 P3d 1061 (2011). On appeal, we will not disturb those factual findings as long as they are supported by evidence in the record. *State v. Davilla*, 280 Or App 43, 59, 380 P3d 1003 (2016); ORS 138.105(8)(b). Once proven, whether facts constitute "substantial and compelling reasons" required for a departure sentence is a question of law, reviewed for errors of law. *Davilla*, 280 Or App at 68.

Here, as part of defendant's plea deal, the parties stipulated to depart from the presumptive sentence of supervised probation to an executed sentence. The parties also stipulated to credit for time served, but they did not agree on the length of the sentence. In seeking an upward departure, the state sought to prove that defendant exhibited a "demonstrated disregard of court orders." That enhancement fact is not listed in the sentencing guidelines, but the list is nonexclusive. OAR 213-008-0002(1).

At the trial on enhancement facts, a trial court administrator testified regarding instances in which defendant failed to appear in four criminal cases. Without objection, the trial court received Exhibit 1, which was a collection of certified copies of the case summaries for those four cases. The trial court administrator explained that defendant was in jail in another county on some of the occasions when he failed to appear. Excluding those occasions, and also excluding the instance underlying the charge to which

defendant pleaded guilty in this case, the exhibit shows that defendant failed to appear 12 times. Based on that evidence, the trial court found that the state proved the enhancement fact beyond a reasonable doubt. The maximum presumptive sentence for a classification of 4-F on the grid block was 12 months. The trial court imposed an upward departure sentence of one year and one day in prison.

On appeal, in his first assignment of error, defendant challenges the sufficiency of the evidence supporting the trial court's finding of a demonstrated disregard of court orders. Relying on *State v. Lobue*, 300 Or App 340, 345-46, 453 P3d 929 (2019), defendant argues that the state failed to prove that defendant's release agreements required his personal appearance or that he knowingly failed to appear. Assuming without deciding that defendant preserved that argument, we disagree with defendant on the merits. At the trial on enhancement facts, the state was not attempting to obtain convictions for first-degree failure to appear. Instead, it was attempting to prove a demonstrated disregard of court orders. Our authority to review is limited to determining whether the trial court's finding of the enhancement fact is "supported by the evidence in the record." ORS 138.105(8)(b)(A). Evidence that defendant failed to appear 12 times in four criminal cases supported the trial court's finding of the enhancement fact. We therefore reject defendant's first assignment of error.

In his second assignment, defendant argues that, even if the state presented sufficient evidence of the enhancement fact, the trial court erred in relying on that fact to impose a departure sentence because there was nothing "exceptional or unique" about failing to appear in a failure-to-appear case. However, defendant failed to appear on multiple occasions in a number of different criminal cases. As the Supreme Court explained in *Speedis*, 350 Or at 428, nonenumerated aggravating factors can provide a substantial and compelling reason to impose an upward departure sentence. We discern no legal error in the trial court's reliance on the enhancement fact of a demonstrated disregard of court orders to impose a departure sentence, especially given the trial court's decision to depart from the maximum

sentence by only one day for someone who was a 4-F on the grid block.

   Affirmed.